# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

RASHAD MONTRELL CHATMAN, #365347,

        Petitioner,

v.                                     ACTION NO. 2:09cv465

DIRECTOR, DEPT. OF CORR.,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

Petitioner Rashad Montrell Chatman ("Chatman") was convicted following a jury trial in the Circuit Court for the City of Virginia Beach on November 2, 2006, of first-degree murder, attempted robbery, conspiracy to commit robbery, two counts of use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. He was sentenced to a total of 53 years in prison. His appeal to the Court of Appeals of Virginia was denied on June 1, 2007, and was denied by a three-judge panel of that Court on September 18, 2007. The Supreme Court of Virginia refused Chatman's petition for appeal on January 3, 2008. Chatman's habeas petition to the Supreme Court of Virginia, alleging ineffective assistance of counsel, was dismissed on April 9, 2009.

Chatman filed the present petition on September 22, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss [Doc. 4] to which Chatman responded. Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Chatman asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(1) he was denied effective assistance of trial counsel due to counsel's failure to object to the prosecutorial misconduct in opening statements that "generated sympathy for the victim" and "hatred toward the petitioner," specifically when:

    (a) the prosecutor showed jurors a 21-year-old photograph of the victim that did not depict the way the victim appeared at the time of his death in order to humanize the victim;

    (b) the prosecutor referred to the victim's mental problems as the cause for his drug use and implied that Chatman took advantage of these mental problems; and

    (c) the prosecutor revealed that Chatman was a convicted felon.

(1)(d) He was denied effective assistance of trial counsel due to counsel's failure to move the trial court to sever the charge of possession of a firearm by a convicted felon from the other charges on the grounds that justice required separate trials pursuant to Virginia Supreme Court Rule 3A:10.

(2) He was denied effective assistance of appellate counsel due to appellate counsel's failure to raise on appeal a claim of insufficient evidence to sustain Chatman's convictions.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Chatman's claims must be exhausted. See 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Ground (1)(d) was not alleged in Chatman's direct appeal to the Supreme Court of Virginia or in his habeas petition to the Supreme Court of Virginia. Moreover, nowhere in his federal petition has Chatman shown the requisite cause and prejudice which this Court must find before considering the merits of a claim not first presented to the Supreme Court of Virginia. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Therefore, this Court recommends that Chatman's Ground (1)(d) be DISMISSED as procedurally defaulted.

Chatman's remaining claims are exhausted because they were presented to the Virginia Supreme Court in his state habeas petition.

### B. Merits

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

The Virginia Supreme Court thoroughly considered the claims reflected in Grounds (1)(a), (1)(b), (1)(c), and (2) of the instant petition, and thereafter dismissed those claims on the merits. With respect to Ground (1)(a), alleging counsel was ineffective for failing to object to the prosecutor's use of a 21-year-old photograph of the victim during opening statement to humanize the victim, the Court noted that "counsel objected prior to the start of the trial to the Commonwealth's use of the photograph in its opening statement and the court overruled the objection." Chatman v. Dir. of the Dep't of Corrections, No. 082598, slip op. at 2 (Va. June 19, 2009). Counsel was not required to renew the objection, and Chatman failed to show that the trial court would have ruled differently had counsel renewed the objection during opening statements. Id. Further, the trial court instructed the jury that it could not consider anything from the opening statements as evidence in the case, and there is no indication the jury failed to follow these

4

instructions. Id.

Addressing Chatman's claim in Ground (1)(b) that counsel was ineffective for failing to object to the prosecutor's statement during opening argument that the victim suffered from mental problems which led to drug use, the Court found "the prosecutor's opening statement properly informed the jury of the evidence that would be presented at trial." Id. at 3. This included evidence that the victim had been diagnosed as being bipolar and would consume drugs when he was not taking his medication, and that Chatman admitted to selling cocaine to the victim on numerous occasions. Id.

With respect to Ground (1)(c), alleging counsel was ineffective for failing to object during opening statements when the prosecutor stated Chatman had been previously convicted of distributing cocaine, the Supreme Court of Virginia found that the opening statement properly informed the jury of the evidence that would be presented at trial, specifically, a copy of Chatman's distribution of cocaine conviction.

Lastly, in regards to Chatman's Ground (2) alleging he was denied effective assistance of appellate counsel due to counsel's failure to contest the sufficiency of the evidence on appeal, the Court noted that the affidavit of appellate counsel indicated counsel believed the evidence was sufficient to support Chatman's convictions under a concert of action theory. Id. at 4. Further, the Court cited Jones v. Barnes, 463 U.S. 745, 751-52 (1983), which held the selection of issues to address on appeal is left to the discretion of appellate counsel. Id. The Court concluded that none of Chatman's claims, which mirror those listed in Grounds (1)(a), (1)(b), (1)(c) and (2), satisfied the performance or prejudice prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984). " Chatman v. Dir. of the Dep't of Corrections, No. 082598, slip op. at 1-5. Because there is no indication from

5

the record that the Supreme Court of Virginia's adjudicati on of Chatman's claims was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in a decision based on an unreasonable determination of the facts, this Court recommends denial of Chatman's Grounds (1)(a), (1)(b), (1)(c), and (2).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Chatman's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED. Chatman's Ground (1)(d) should be DENIED because it was never raised to the Virginia state courts, and Chatman has shown no cause for failing to present the claim and no prejudice resulting therefrom, which this Court must find before considering the merits of the claim. Chatman's Grounds (1)(a), (1)(b), (1)(c) and (2) should be DENIED because they were previously adjudicated by the Supreme Court of Virginia on the merits and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Furthermore, Chatman has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this

report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

      2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

      The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                /s/
                                       Tommy E. Miller
                                United States Magistrate Judge

Norfolk, Virginia
February 25, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Rashad Montrell Chatman, #365347, #1193044
Sussex II State Prison
24427 Musselwhite Dr.
Waverly, VA 23891


Erin M. H. Kulpa, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                            Fernando Galindo, Clerk


                              By _____
                                            Clerk of the Court

                                            February    , 2010